# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 1:12-cv-161-RJC

| | |
|---|---|
| KRISTINE SONDERGELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN W. COLVIN,[1] ) | |
| Acting Commissioner of ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment, (Doc. No. 20), and Memorandum in Support, (Doc. No. 20-1), and Defendant's Motion for Summary Judgment, (Doc. No. 21), and Memorandum in Support, (Doc. No. 22).

## I. BACKGROUND

### A. Procedural Background

Plaintiff Kristine Sondergeld ("Plaintiff") seeks judicial review of Defendant's denial of her social security claim. (Doc. No. 1). On or about February 5, 2008, Plaintiff filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 405, et seq. (2012), alleging an inability to work due to disabling conditions beginning on October 24, 2005. (Doc. No. 18-6 at 2-6). The Commissioner denied Plaintiff's application on April 29, 2008, (Doc. No. 18-5 at 6-9), and subsequently, Plaintiff filed

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (2012).

a timely written request for a hearing on May 22, 2008, (id. at 21).

On April 12, 2010, Plaintiff, represented by counsel, appeared and testified at a hearing before an Administrative Law Judge ("ALJ"). (Doc. No. 18-3 at 40-72). The ALJ issued a decision on April 23, 2010, denying Plaintiff's claim. (Id. at 29-41). Plaintiff filed a request for review of the ALJ's decision on or about May 17, 2010, (id. at 24), which was denied by the Appeals Council on May 1, 2012, (id. at 2-7). Therefore, the April 23, 2010, ALJ decision became the final decision of the Commissioner on May 1, 2012.

Plaintiff's Complaint seeking judicial review and a remand of her case was filed in the Eastern District of Michigan on May 23, 2012, (Doc. No. 1), and was transferred to the Western District of North Carolina Asheville Division on June 28, 2012, (Doc. No. 10). On June 14, 2013, the case was reassigned to this Court. Plaintiff's Motion for Summary Judgment, (Doc. No. 20), was filed September, 20, 2012, and Defendant's Motion for Summary Judgment, (Doc. No. 21), was filed November 23, 2012. The pending motions are ripe for disposition.

B.     Factual Background

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes,[2] at any time between October 24, 2005, when Plaintiff's disabling conditions commenced and the date of the ALJ's decision on April 23, 2010. (Doc. No. 18-3 at 29). To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482

---

[2] Under the Social Security Act, 42 U.S.C. §§ 301, et seq., the term "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

U.S. 137, 146 n.5 (1987). The ALJ concluded that Plaintiff was not under a disability at any time from October 24, 2005, through the date of his decision, April 23, 2010. (Doc. No. 18-3 at 29).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a) (2012). The five steps are:

> (1) whether claimant is engaged in substantial gainful activity—if yes, not disabled;
>
> (2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509—if no, not disabled;
>
> (3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1 and meets the duration requirement—if yes, disabled;
>
> (4) whether claimant has the residual functional capacity ("RFC") to perform his or her past relevant work—if yes, not disabled; and
>
> (5) whether, considering claimant's RFC, age, education, and work experience, he or she can make an adjustment to other work—if yes, not disabled.

See 20 C.F.R. § 404.1520(a)(4)(i-v). In this case, the ALJ determined at the fourth step that Plaintiff was not disabled.[3] (Doc. No. 18-3 at 34-35).

Specifically, the ALJ first concluded that Plaintiff had not engaged in any substantial

---

[3] Because the ALJ found that Plaintiff was not disabled at step four, there was no need for him to proceed to a step five analysis of whether Plaintiff could perform other work. 20 C.F.R. 404.1520(a)(4).

3

gainful activity since October 24, 2005, the alleged disability onset date. (Id. at 31). At the second step, the ALJ found that Plaintiff's degenerative disc disease was a severe impairment. (Id. at 31-32). At the third step, the ALJ determined that Plaintiff did not have an "impairment or combination of impairments that [met] or medically equal[ed] one of the listed impairments in 20 CFR 404, Subpart P, Appendix 1." (Id. at 32).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform light work.[4] (Id. at 32-34). In making his finding, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." (Id. at 32). The ALJ further opined that he "considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and SSRs 96-2p, 96-5p, 96-6p and 06-3p." (Id. at 33). At the hearing, the vocational expert ("VE") initially classified Plaintiff's past relevant work as sedentary; however, after hearing Plaintiff's account of her work as actually performed, the VE classified the work as light. (Id. at 67-68). Consequently, at the fourth step, the ALJ found that Plaintiff could perform her past relevant work as a general office clerk because such work "does not require the performance of work-related activities precluded by [Plaintiff's RFC]." (Id. at 34). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between October 24, 2005, and the date of his decision on April 23, 2010. (Id. at 35).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3), limits this Court's review of a

---

[4] Light work is defined as lifting or carrying up to ten pounds frequently and up to twenty pounds occasionally. 20 C.F.R. 404.1567(b). "Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." Id.

4

final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971), and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979). As the Social Security Act provides, if the Commissioner's findings as to any fact are supported by substantial evidence, they shall be conclusive. 42 U.S.C. § 405(g); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . ."). "Substantial evidence" has been defined as "more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith, 795 F.2d at 345. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

On appeal to this Court, Plaintiff argues that the ALJ erred as a matter of law in denying her claim on three grounds: (1) the ALJ did not ask the VE a proper hypothetical question, (2)

5

the ALJ failed his duty of explanation and did not support his RFC finding with the evidence, and (3) the ALJ did not properly assess the credibility of Plaintiff's statements regarding her symptoms. (Doc. No. 20-1 at 14, 16, 18). The Court reviews each of these arguments in turn.

A. <u>The ALJ's Questioning of the VE Regarding Plaintiff's Past Relevant Work</u>

Plaintiff first argues that the ALJ failed to ask the VE a proper hypothetical question regarding Plaintiff's past relevant work. Specifically, Plaintiff argues that the ALJ did not pose a hypothetical question to the VE and that the ALJ mischaracterized Plaintiff's abilities when questioning the VE. (Id. at 15). It is proper for an ALJ to consider information provided by a plaintiff regarding his or her past relevant work and to consult a VE to obtain evidence needed to determine whether an RFC would allow a Plaintiff to perform his or her past relevant work. 20 C.F.R. § 404.1560(b)(2). At step four, an ALJ may pose a hypothetical question to the VE in order to obtain this evidence, but he or she is not required to do so. Id.; see also Mellon v. Astrue, No. 4:08-2110-MBS, 2009 WL 2777653, at *17 (D.S.C. Aug. 31, 2009) ("[A]lthough it is acceptable for an ALJ to consult a VE for purposes of a Step 4 decision, it is not required that she do so."). Furthermore, an ALJ is not required to adopt any party's alleged limitations or proposed hypothetical question. See Newman v. Astrue, No. 5:06-CV-00955, 2008 WL 4298550, at *34 (S.D. W. Va. Sept. 18, 2008).

In the instant case, the ALJ sought testimony from the VE regarding Plaintiff's past relevant work in order to determine the level of exertion required to perform this work. (Doc. No. 18-3 at 67-68). The VE initially characterized a general office clerk as a sedentary position per the Dictionary of Occupational Titles ("DOT"). (Id.). After this initial classification, the ALJ added specific activities taken from Plaintiff's Work History Report, which the ALJ

articulated as "lifting no more than twenty [pounds], lifting ten pounds frequently, walking one hour in a day, standing two hours, [and] sitting four hours." (Id. at 68). Rather than pose a hypothetical question, the ALJ simply described the work as actually performed by Plaintiff and asked the VE whether she would characterize it as light or sedentary. (Doc. No. 18-3 at 67-68). Taking these additional activities into account, the VE re-characterized Plaintiff's past relevant work as light. (Id. at 68). The VE verified that her responses were consistent with the information provided in the DOT. (Id.).

As Plaintiff points out, the ALJ indicated to the VE that Plaintiff's past relevant work required her to lift ten pounds frequently when, in fact, Plaintiff had reported lifting less than ten pounds frequently. (Doc. No. 20-1 at 15). However, this misstatement by the ALJ was harmless because it worked to raise the exertional requirements of her past relevant work, making it easier for her to be deemed disabled. See Morgan v. Barnhart, 142 F. App'x 716, 723 (4th Cir. 2005) (applying harmless error doctrine in a Social Security case).

Plaintiff's counsel cross-examined the VE and posed his own hypothetical question that added several alleged limitations. (Doc. No. 18-3 at 69-70). However, the ALJ found that these limitations were not consistent with the medical evidence. (Id. at 32-35). Thus, he is not required to adopt these additional restrictions.

The ALJ relied on substantial evidence when determining Plaintiff's RFC and evaluating her past relevant work. He properly questioned the VE regarding the classification of Plaintiff's past relevant work. The VE's responses were clear and direct and do not evidence a misunderstanding of the questions or the job requirements described by the ALJ. Additionally, the VE, being familiar with the DOT and the specific requirements of Plaintiff's past relevant

7

work, stated that her responses were consistent with the information provided in the DOT. Plaintiff cites no authority holding that a hypothetical question is required in order to make a step four finding regarding Plaintiff's ability to perform her past relevant work. Accordingly, the Court finds that the ALJ properly questioned the VE, and the ALJ's mischaracterization of the lifting required for Plaintiff's past relevant work was harmless. The Court overrules Plaintiff's first objection.

  B. <u>The ALJ's Duty of Explanation</u>

Plaintiff next argues that the ALJ's finding on Plaintiff's RFC was conclusive and not supported by the evidence. (Doc. No. 20-1 at 16). Specifically, Plaintiff contends that the RFC finding is unsupported because the ALJ failed to "explain any material inconsistencies or ambiguities in the evidence" or to "discuss Plaintiff's ability to perform sustained work activities in an ordinary work setting on a regular continuing basis." (Id. at 15).

By definition, a RFC finding that a plaintiff can perform work at a certain exertional level means that the claimant can perform that level of work on a "regular and continuing basis." SSR 96-8p, 1996 WL 374184 (July 2, 1996). When the ALJ found that Plaintiff had a RFC to perform light work, he inherently found that she is capable of performing such work on a regular and continuing basis. It was unnecessary to specifically articulate this point, and thus the ALJ's failure to discuss this is not error.

An ALJ must consider all of the available evidence in an individual case. SSR 06-03p, 2006 WL 2329939 (Aug. 9, 2006). However, an ALJ is not required to adopt any particular source's opinion if he or she determines that it is inconsistent with other significant evidence. 20 C.F.R. § 404.1527(c); <u>see also</u> <u>Newman</u>, 2008 WL 4298550, at *34. In fact, an ALJ may

8

completely reject any evidence or opinion that is inconsistent with other significant record evidence.  See Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996) (upholding ALJ's rejection of treating physician's opinion because the record contained contradictory evidence).  An ALJ is also not required to explicitly discuss every piece of evidence and every factor in his decision, "but need only 'minimally articulate' his reasoning so as to 'make a bridge' between the evidence and his conclusions."  Fischer v. Barnhart, 129 F. App'x 297, 303 (7th Cir. 2005) (citation omitted).  The ALJ generally must provide sufficient explanation as to the weight given to opinions and other record evidence to "ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the [ALJ's] reasoning."  SSR 06-03p; see also Newton v. Astrue, 559 F. Supp. 2d 662, 673 (E.D.N.C. 2008) (holding that the ALJ must give sufficient reasoning to show that the proper legal analysis has been conducted).

Plaintiff faults the ALJ's discussion because he did not "explain the voluminous positive medical evidence" or "the weight given to Plaintiff's treating physicians" indicating that Plaintiff does have "severe impairments with regard to [her] mental condition, fibromyalgia, sigmoid colon, carpal tunnel syndrome, and breathing or sleep impairments."  (Doc. No. 20-1 at 17).  Once it is established that a claimant suffers from at least one severe impairment, the ALJ will consider all medically determinable impairments, both severe and non-severe, when assessing the claimant's RFC.  20 C.F.R. § 404.1545(a)(2).  The ALJ noted that he had considered all symptoms, severe and non-severe, and "the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence.  (Doc. No. 18-3 at 31-35).  Moreover, the ALJ specifically stated that his RFC finding would be "a sufficient

accommodation of any additional pain or limitation caused by [Plaintiff's] fibromyalgia." (Id. at 32).

Plaintiff does provide a "voluminous" summary of the evidence of her subjective complaints. (Doc. No. 20-1 at 5-11). While her complaints are well-documented, the ALJ points out and thoroughly discusses that the record does not corroborate "the intensity, persistence, and limiting effects" of these complaints or establish any medical need to accommodate the limitations alleged to flow from these other impairments. (Doc. No. 18-3 at 31-35). The ALJ discussed his findings on each alleged impairment and cited specific medical evidence to support each conclusion. (Id.). For example, he discussed that, while there was medical evidence indicating that Plaintiff has a moderate-to-severe breathing or sleep impairment, a treating physician noted that Plaintiff had been using a C-PAP machine and that she felt that it had helped her. (Id. at 32). Similarly, the ALJ observed that Plaintiff's carpal tunnel syndrome was referred to in her treatment records, but the evidence did not "establish a severe condition persisting over a 12-month period which would have prevented light exertion." (Id.). The ALJ also noted that Plaintiff's sigmoid colon did not have a severe effect on her capacity to work and that she testified "that her functioning in this area was now normal." (Id.).

Plaintiff does not identify any specific, material evidence that the ALJ failed to discuss. The ALJ met his burden of explanation by discussing his finding on each alleged impairment and clearly stating in several instances that the record does not establish any medical conditions inconsistent with light exertion. (Id.). His discussion appears to contain no material omissions, and he adequately articulated his findings by analyzing substantial medical and other record evidence. (Id.). Accordingly, the Court finds that the ALJ properly considered the evidence and

provided appropriate explanation to support his findings; thus, there is substantial evidence supporting the ALJ's decision. Plaintiff's second objection is overruled.

C. Plaintiff's Credibility

Plaintiff finally argues that the ALJ's assessment of her credibility is not supported by substantial evidence. It is the duty of the ALJ to make credibility determinations. Craig, 76 F.3d at 589. The ALJ must follow a two-step process to determine a claimant's credibility and whether he or she is disabled by pain or other symptoms. First, the regulations require "at the threshold a showing by objective evidence of the existence of a medical impairment 'which could reasonably be expected to produce' the actual pain, in the amount and degree, alleged by the claimant." Craig, 76 F.3d at 594 (quoting 20 C.F.R. §§ 416.929(b), 404.1529(b)). If the claimant meets this threshold, then the ALJ must evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work." Id. at 595. This evaluation must take into account:

> not only the claimant's statements about her pain, but also "all the available evidence," including the claimant's medical history, medical signs, and laboratory findings; any objective medical evidence of pain (such as evidence of reduced joint motion, muscle spasms, deteriorating tissues, redness, etc.); and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it.

Id. (citations omitted). In the instant case, the ALJ found that Plaintiff met the first prong of the test. (Doc. No. 18-3 at 34).

The ALJ then determined that Plaintiff's subjective complaints were not fully credible because they were not consistent with the objective evidence of record. (Id. at 31-35). In evaluating Plaintiff's credibility, the ALJ considered the objective medical evidence, Plaintiff's

11

medical and treatment history, her statements about her symptoms, her medications and medication side effects, and her daily activities. (Id. at 31-35). For example, the ALJ noted that examinations by two treating physicians from 2005 and 2006 "indicate some pain but no significant reduction in strength or range of motion," with one physician documenting that, in 2007, "post-operatively [Plaintiff] was doing remarkably well, with significant improvement in her symptoms." (Id. at 33). Additionally, the ALJ observed that during a surgical follow-up in late 2007, Plaintiff was informed that she could resume all normal activities, and when physical therapy was suggested, she stated that she would like to do therapy on her own. (Id.). The ALJ also remarked specifically that there was lack of support in the evidence of record for Plaintiff's testimony as to any severe side effects of her medication, any need for an extended period of lying down, any need to elevate her legs, and any limitation in Plaintiff's ability to grasp or other limitations stemming from her carpal tunnel syndrome. (Id. at 34). Finally, the ALJ noted that Plaintiff's self-reported symptoms were not consistent with her self-reported activities, which included a four-mile walk each day. (Id. at 33-34). While Plaintiff notes her good work history and points out that a good work history may be a factor supporting her credibility, it is one of many factors, and it is, by no means, dispositive. See SSR 96-7p, 1996 WL 374186 (July 2, 1996). Therefore, the ALJ's failure to specifically discuss Plaintiff's good work history does not undermine his credibility assessment. See Wavercak v. Astrue, 420 F. App'x 91, 94 (2d Cir. 2011) ("That Wavercak's good work history was not specifically referenced in the ALJ's decision does not undermine the credibility assessment, given the substantial evidence supporting the ALJ's determination.").

Overall, the ALJ found and adequately explained that Plaintiff's "statements concerning

the intensity, persistence, and limiting effects of these symptoms [were] not credible" because they were inconsistent with the objective medical evidence and her assessed RFC. (Doc. No. 18-3 at 32-34). The ALJ appropriately followed the two-step process for evaluating Plaintiff's credibility. Accordingly, the Court finds that the ALJ adequately explained his position on Plaintiff's credibility and that his finding is supported by substantial evidence. Plaintiff's third objection is overruled.

## IV. CONCLUSION

In light of the deferential standard of review applied under the Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3), the Court finds that there is substantial evidence to support the Commissioner's final decision.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, (Doc. No. 20), is **DENIED**;

2. Defendant's Motion for Summary Judgment, (Doc. No. 21), is **GRANTED**; and

3. The Clerk of Court is directed to close this case.

Robert J. Conrad, Jr.
United States District Judge